**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-14051-CR-GRAHAM/LYNCH**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**ALEJANDRO ORTIZ,**

      **Defendant.**

_____/

```
FILED by ___ D.C.

    DEC - 8 2010

  STEVEN M. LARIMORE
  CLERK U.S. DIST. CT.
 S.D. OF FLA. - FT. PIERCE
```

**REPORT AND RECOMMENDATION ON**
**NOTICE OF PARTIES' STIPULATIONS AND JOINT**
**RECOMMENDATION AS TO RESTITUTION [D.E. #49]**

**THIS CAUSE** having come on to be heard upon an Order of Reference from the District Court to conduct a restitution hearing in respect to the above styled case, and this Court having set the evidentiary hearing for December 8, 2010 and having been advised by the parties that they have resolved all issues pursuant to the Notice Of Parties' Stipulations And Joint Recommendation As To Restitution [D.E. #49], this Court makes the following recommendations to the District Court:

1.     The Notice Of Parties' Stipulations And Joint Recommendation As To Restitution [D.E. #49] has been filed by the parties. At the hearing on December 8, 2010, counsel for the Defendant stated that he has reviewed the Notice [D.E. #49] with the Defendant in its entirety and that the Defendant agrees to all of the findings and stipulations set forth in that Notice. This Court questioned the Defendant at the hearing and he confirmed that he has reviewed all of the matters set forth in the Notice Of Parties' Stipulations And Joint Recommendation As To Restitution [D.E. #49] and agrees with the findings, facts and stipulations set forth therein.

2.     The Notice [D.E. #49] calls for the Defendant to pay restitution in the amount of $3,500. The parties propose that an order be entered by Judge Graham setting forth the substance of the parties' stipulations and assess the amount of $3,500 as to this

Defendant. The Defendant has previously been sentenced by Judge Graham on October 22, 2010 and the matter of restitution was referred to this Court for a hearing.

3.      The parties have also submitted a proposed Joint Restitution Order. At the hearing on December 8, 2010, counsel for the Defendant stated on the record that he has reviewed the proposed Joint Restitution Order with the Defendant and that the Defendant agrees to all of the provisions of that proposed Order. This Court questioned the Defendant on the record concerning the proposed Order and he confirmed that he has reviewed it in detail with his attorney and agrees to the amount of $3,500 in restitution to be paid pursuant to the specific provisions of the Order.

4.      This Court has attached a copy of the proposed Joint Restitution Order to this Report and Recommendation as Exhibit 'A'. Based upon the stipulations of the parties as set forth in the Notice [D.E. #49], the statements made at the hearing on December 8, 2010, and the Defendant having confirmed on the record his agreement to the settlement of all restitution issues as set forth in the Notice [D.E. #49] and proposed Order, this Court will recommend that the District Court enter the proposed Order, Exhibit 'A'.

**ACCORDINGLY**, this Court recommends to the District Court that based upon the parties' agreements and stipulations, that the proposed Joint Restitution Order, Exhibit 'A', be entered by the District Court as a final determination of all issues concerning restitution in this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of December, 2010, at Ft. Pierce, Northern

Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
Hon. Donald L. Graham
AUSA Diana Acosta
Arthur Brandt, Esq.
U. S. Probation
Clerk of Court (Financial Division)

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14051-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

ALEJANDRO ORTIZ,

              Defendant.

_____/

## JOINT RESTITUTION ORDER

Pursuant to the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 (VAWA), codified in Title 18, United States Code §2259, and based on the stipulations of the parties, the Court finds that "Vicky" is a victim who has been harmed by the defendant's offense conduct in this case and orders that the defendant, Alejandro Ortiz, be held jointly and severally liable for restitution to "Vicky" **for her losses,** but that the defendant is to pay only an apportioned amount of **those losses** in the amount of $3,500.00 to "Vicky" in full, and due immediately. In support of its order the Court finds as follows:

The mandatory restitution section of the Violence Against Women Act of 1994 ("VAWA") codified at Title 18, United States Code, Section 2259, requires the Court to impose restitution for any offense under Chapter 110. The offense for which the defendant was convicted, namely, Receipt of Child Pornography, in violation of Title 18, United States Code §2252(a)(2), is an offense codified in Chapter 110 and is an offense that is subject to the Mandatory Restitution for Sex Crimes section of the VAWA, under Title 18, United States Code §2259.

Furthermore, Title 18, United States Code, §2259(c) defines a "victim" as an individual "harmed as a result of a commission of a crime" under Chapter 110, including a victim who is under eighteen (18) years of age, incompetent, incapacitated or deceased, the legal guardian of the victim or representative of the victim's estates. Restitution, pursuant to Title 18, United States Code, §2259, is available to victims who are harmed as a proximate result of a Chapter 110 offense.

Defendants convicted of Chapter 110 offenses must compensate for the "full amount of the victim's losses," including:

(A)   medical services relating to physical, psychiatric, or psychological care;

(B)   physical and occupational therapy or rehabilitation;

(C)   necessary transportation, temporary housing, and child care expenses;

(D)   lost income;

(E)   attorney's fees, as well as other costs incurred; and

(F)   any other losses suffered by the victim a proximate result of the offense.

18 U.S.C. §2259(b) (2).

Title 18, United States Code, §3664 (h), which is incorporated by Title 18, United States Code, §2259(b) (2), allows the court to apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

There is no dispute that the defendant received and possessed on his computer images of child pornography that depicted "Vicky" being sexually abused when she was approximately nine or ten years old.

There *is* no dispute that "Vicky" *is* a victim based upon the PreSentence Investigation Report, victim impact statements, a forensic psychological evaluation report of "Vicky", and statements of counsel. There *is* no dispute that harm was caused to "Vicky" by persons who possess, disseminate or

share the images of "Vicky" being sexually abused as a child. Specifically, the Court finds that "Vicky's" knowledge that images of her abuse were being disseminated and possessed by others caused "Vicky" to be re-victimized and has resulted in harm that *is* distinct from that suffered from the actual physical sexual abuse she sustained as a child. Accordingly, the Court finds that "Vicky" was harmed as a result of the criminal conduct (receipt of child pornography) engaged in by the defendant, Alejandro Ortiz.

There *is* no dispute that other individuals have been charged and convicted in multiple Districts with possessing, receiving, and/or disseminating child pornography wherein "Vicky" *is* a victim. There *is* no dispute that the full amount of losses caused to "Vicky" as a result of the production, dissemination, receipt and/or possession of images from the "Vicky" series of child pornography by other defendants and Alejandro Ortiz's conduct in receiving and possessing images from the "Vicky" series, include: (a) $108,975.00 in future counseling expenses; (b) $147,830.00 in vocationally related losses; (c) $37,874.86 for the cost of her forensic psychological evaluation, supporting records and travel; (d) $203,140.00 in attorneys fees; and (e) $722,511.00 in lost earnings, for a gross total of $1,220,330.86. To date, "Vicky" has received $149,167.03 in restitution payments and thus the net amount of restitution owed is $1,072,263.83.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

The total loss to "Vicky" *is* $1,072,263.83, including: (a) $108,975.00 in future counseling expenses; (b) $147,830.00 in vocationally related losses; (c) $37,874.86 for the cost of her forensic psychological evaluation, supporting records and travel; (d) $203,140.00 in attorneys fees; and (e) $722,511.00 in lost earnings. The defendant, Alejandro Ortiz, is liable for a portion of that total loss caused to "Vicky."

The defendant, Alejandro Ortiz, is liable for $3,500.00. in restitution to "Vicky" based upon an

apportionment of the total amount of restitution due to "Vicky." Defendant shall pay the $3,500.00. in restitution immediately. The Clerk of Courts is directed to open a liability file as to Alejandro Ortiz in the amount of only $3,500.00. The Clerk is further directed that Alejandro Ortiz's liability will be satisfied upon payment of the $3,500.00.

In addition, it is **FURTHER ORDERED AND ADJUDGED** that during the period of incarceration: (1) if the defendant, Alejandro Ortiz, earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Restitution Order; or (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25 per quarter toward the financial obligations in this Order.

Upon release from incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule. **These payments do not preclude the government from using other assets or income of the defendant to satisfy his restitution obligation**.

The assessment and restitution are payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for enforcement of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, Miami-Dade County, Florida on this _____ day of December, 2010.

_____

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE
